UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUZHOU YUANDA ENTERPRISE, CO., | ) ) ) |
| Plaintiff, | ) ) ) Civil Case No. 04-2111 (RJL) |
| v. | ) ) |
| U.S. CUSTOMS & BORDER PROTECTION, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(July 26, 2005) [# 15, # 17]

Plaintiff, Suzhou Yuanda Enterprise Co. ("Suzhou") brings this action to enjoin the U.S. Customs and Border Protection ("Customs") from withholding documents pursuant to the Freedom of Information Act ("FOIA"). Suzhou made a FOIA request for the documents that Customs relied upon to seize merchandise that it was shipping and, in this action, challenges Customs' withholding of certain documents pursuant to the FOIA. Before the Court are the parties' cross motions for summary judgment. For the following reasons, the Court GRANTS the defendant's motion for summary judgment.

### ANALYSIS

Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In a FOIA case, an agency bears



the burden of establishing that the search was adequate and that each responsive document is either produced, unidentifiable, or exempt from production. *Weisberg v. DOJ*, 745 F.2d 1476, 1485, 1489 (D.C. Cir. 1984); *Nat'l Cable Television Ass'n, Inc. v. FCC*, 479 F.2d 183, 186 (D.C. Cir. 1973).

## I.   Adequacy of Search

In responding to a FOIA request, an agency must establish that it made a good faith effort to conduct a search for records, using methods reasonably expected to produce the information requested. *Oglesby v. U.S. Dept. of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986). To demonstrate the adequacy of its search, an agency may rely on affidavits that are relatively detailed, non-conclusory and submitted in good faith. *Goland v. Central Intelligence Agency*, 607 F2d 339, 352 (D.C. Cir. 1987).

In this case, Customs provided the declaration of Joann Roman Stump, a FOIA Appeals Officer for Customs. *See* Stump Decl. ¶ 1. Ms. Stump explained that the plaintiff's FOIA request was received, and the processor examined the file associated with the case to locate responsive documents. *Id.* ¶ 17. The plaintiff has not challenged the adequacy of Customs' search. Relying on the Stump declaration, the Court concludes that Customs search was adequate, thus leaving no genuine issue of material fact as to the adequacy of the search.

## II. Validity of the Exemptions Asserted by Customs

FOIA provides that all documents in the government's possession are available to the public, unless the disclosure of the requested documents is specifically exempted by the Act. *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973). If the agency withholds documents pursuant to the FOIA exemptions, it bears the burden of persuading the Court that the decision to withhold documents was proper. *Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1386 (D.C. Cir. 1979). The Court's review of the agency's justification for non-disclosure is *de novo*. 5 U.S.C. § 552(a)(4)(B); *DOJ v. Reports Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989). The Court, however, may rely on affidavits or declarations submitted by the agency, if those documents describe "the justifications for non-disclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). For the following reasons, the Court finds that Customs properly applied the various FOIA exemptions, and there are no genuine issues of material fact as to the validity of the exemptions applied by Customs.

### A. Exemption 2

Exemption 2 allows an agency to withhold documents "related solely to the internal personnel decisions and practices of an agency." 5 U.S.C. § 552(b)(2). At issue in this case is information withheld by Customs as "high (b)(2)" material consisting of,

among other things, information related to storage of seized property, financial accounting for seized property, processing of forfeiture cases, and Seized Asset Tracking System narrative input. Stump Decl. ¶ 24. To exempt "high (b)(2)" material, the agency must demonstrate that the information is predominately internal and that disclosure would risk circumvention of agency statutes. *Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d 1051, 1073-73 (D.C. Cir. 1981). The documents withheld by Customs are not directed at the pubic nor do they regulate activities of the public, therefore they are internal documents. *Cox v. DOJ*, 605 F.2d 5 (D.C. Cir. 1979). To determine whether the disclosure of the documents significantly risks circumvention of agency regulations or statutes, the agency must show that disclosure would risk circumvention of general legal requirements. *NTEU v. United States Customs*, 802 F.2d 525, 530-31 (D.C. Cir. 1986). Here, it has. Because disclosure of the processing, accounting and storage techniques may benefit those attempting to violate the law and avoid detection by Customs, the disclosure could risk circumvention of Customs regulations or statutes. Thus, the Court concludes that Customs properly applied Exemption 2.

### B.   Exemption 4

Exemption 4 protects trade secret information that is commercial or financial, obtained from a person, and is privileged or confidential. 5 U.S.C. § 552(b)(4). The information withheld by Customs consists of entry documents submitted by importers,

entry numbers, value of merchandise, specific classification or type of merchandise, visa category, purchase order numbers, shipment routing information, IRS and bond numbers, frequency of entry filings, and names and identifying information of third parties such as importers, carriers, and consignees. Stump Decl. ¶ 33. Suzhou concedes that the information withheld pursuant to Exemption 4 is commercial. Pl. Mot. Summ. J. at 4. Therefore, the only issue before the Court is whether the information is also confidential.

Information submitted to the government is considered confidential if the information is likely to: (1) impair the government's ability to obtain necessary information in the future; or (2) cause substantial harm to the competitive position of the person from whom the information was obtained. *Nat'l Parks & Conservation Ass'n v. Morton*, 498 F.2d 765 (D.C. Cir 1974). Although the agency does not have to show actual competitive harm, it must demonstrate actual competition and a likelihood of substantial competitive injury. *Pub. Cit. Heath Research Group v. FDA*, 964 F. Supp. 413, 416 (D.D.C. 1997). Customs has demonstrated here that releasing the withheld information would cause substantial competitive harm to the submitter of the information because it is "not the type of information a commercial entity would give to a competitor." Stump Decl. ¶¶ 32-33. Moreover, Customs has demonstrated that the disclosure of the information would enable Suzhou to learn information that would cause substantial harm to its competitors. Stump Decl. ¶ 32. Accordingly, the Court is satisfied that the information was properly withheld pursuant to Exemption 4.

### C. Exemption 5

Exemption 5 protects from disclosure inter- or intra-agency communications that would not be available by law to a party other than an agency in litigation with the agency. 5 U.S.C. § 552(b)(5). Customs applied Exemption 5 to documents protected by the attorney-client and deliberative process privileges. Stump Decl. ¶ 36. The plaintiff only challenges the withholding of two documents withheld in their entirety: (1) a two-page internal memorandum regarding the investigation relating to the seizure; and (2) a one-page internal memorandum outlining the agency's response to various administrative petitions. According to Ms. Stump, these documents were withheld because they contain the agency's internal deliberative thought process and theory of the underlying seizure case. Stump Decl. ¶ 37. Exemption 5 allows materials covered by the deliberative process privilege to be withheld. *Rockwell Int'l Corp. v. Department of Justice*, 235 F.3d 598, 601 (D.C. Cir. 2001).

Although plaintiff does not contest that the documents withheld are protected by the deliberative process privilege, he does argue that the facts relied on in those documents must be disclosed since "purely factual material" should be segregated and produced. Pl. Mot. Summ. J. at 8. While purely factual material is not exempt from disclosure, those facts that are inextricably intertwined with the opinions and legal conclusions included in the document are exempt. 5 U.S.C. § 552(b); *EPA v. Mink*, 410 U.S. 73, 90 (1973). In describing the documents withheld, Ms. Stump states that the

documents contain an analysis that "describe[s] the agency's theory of the case, applicable laws, and the relevant facts, and are so inextricably intertwined that the information contained within them could not be reasonably segregated." Stump Decl. ¶ 37. Relying on the agency's affidavit, the Court is satisfied that the agency properly applied Exemption 5 and properly withheld the documents containing information about the agencies deliberative process in their entirety.

### E.     Exemption 7

Customs asserts Exemption 7 to protect the following types of information from disclosure: (1) information gathered and compiled during an investigation, including the names of suspects or witnesses and evidence, Stump Decl. ¶ 44; (2) the names of government officials and third parties involved with the case, *id.* ¶ 48; and (3) information that would reveal investigation techniques and procedures for handling seizure cases, *id.* ¶ 49. Plaintiff challenges only those documents withheld pursuant to Exemption 7(A), which allows agencies to withhold information that could reasonably interfere with law enforcement proceedings. 5 U.S.C. § 552(b)(7)(A). Customs is a law enforcement agency charged with enforcing federal law regarding the proper entry of merchandise into the United States. Stump Decl. ¶ 42. In order to apply Exemption 7(A), the agency must demonstrate that: (1) a law enforcement proceeding is pending or that the information withheld is likely to lead to a proceeding; and (2) release of the information is reasonably expected to cause harm. *Id.* at 926, 928. Customs asserts that the

information withheld pursuant to Exemption 7(A) relates to a "suspected scheme to effect the criminal entry of merchandise" into the United States, and the disclosure of the information would interfere with an agency investigation and could inform the public of the evidence sought and scrutinized in this type of investigation. Stump Decl. ¶ 44. The Court is satisfied that Customs properly applied Exception 7.

## CONCLUSION

For the foregoing reasons, the Court grants the defendant's motion for summary judgment and dismisses the case in its entirety. An order consistent with this ruling accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge